*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Charles W. BUTTIGIEG**
Aviation Structural Mechanic First Class (E-6), U.S. Navy
*Appellant*

**No. 202000272**

Decided: 18 January 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Ann K. Minami (arraignment)
Kimberly J. Kelly (motions and trial)

Sentence adjudged 27 August 2020 by a general court-martial convened at Naval Base Kitsap-Bremerton, Washington, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 48 months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Daniel O. Moore, JAGC, USN*

For Appellee:
*Lieutenant Catherine M. Crochetiere, JAGC, USN*
*Lieutenant Gregory A. Rustico, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of violating Article 80, Uniform Code of Military Justice [UCMJ],[1] for attempted indecent recording of a child, and of violating Article 134, UCMJ,[2] for distributing child pornography (one specification) and possessing child pornography (two specifications).

Appellant asserts one assignment of error [AOE]. A Naval Consolidated Brig Miramar, California [NAVCONBRIG Miramar] policy requires a therapist to determine that parental communication with a non-victim minor will not harm a victim before allowing such communication. Appellant asserts this violated his heightened liberty interest in parenting his non-victim, minor son, thereby unlawfully increasing his sentence.[3]

We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant pleaded guilty to attempting to indecently record his daughter (a stepdaughter whom he adopted), who at the time of his misconduct was under age 12. He also pleaded guilty to child pornography offenses unrelated to his two children. Eight days after Appellant began serving his sentence of confinement at NAVCONBRIG Miramar, his trial defense counsel submitted post-trial matters to the convening authority. The record of trial, to include the matters Appellant submitted to the convening authority, makes no mention of NAVCONBRIG Miramar's policy regarding contact between minors and prisoners who have been convicted of offenses that have a sexual component involving a minor under the age of 18.

_____

[1] 10 U.S.C. § 880.

[2] 10 U.S.C. § 934.

[3] The Assignment of Error was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

In July 2021, Appellant submitted a motion to this Court to attach his sworn declaration with enclosures regarding the conditions of his confinement at NAVCONBRIG Miramar.[4] Among other things, Appellant's declaration asserted that a NAVCONBRIG Miramar policy prevented him from having any contact with his son who was under age 18 and not a victim or witness of any of the offenses for which he was convicted. Specifically, Appellant asserted that Commanding Officer, NAVCONBRIG Miramar, denied his request for an exception to the facility's policy because he did not have documentation that his ex-wife supported him having contact with his son, and because he did not have a letter in support of his request from a therapist who was familiar with his case. Appellant also asserted in his declaration that prior to his transfer from NAVCONBRIG Miramar, he began drafting but did not submit an Article 138, UCMJ, Complaint of Wrong against the commanding officer concerning the facility's policy that prevented him from having contact with his son.

Subsequently, the Government submitted a written response to Appellant's motion to attach, and requested that we deny his motion on the basis of the Court of Appeals for the Armed Forces' [CAAF's] holdings in *United States v. Jessie*[5] and *United States v. Willman*.[6] We agreed with the Government's argument and denied Appellant's motion.

More recently, Appellant requested a 30-day enlargement of time to file a Reply to the Government's Answer to his AOE brief. Specifically, Appellant's counsel said he needed this time so that he could obtain the policy of Naval Consolidated Brig Charleston, South Carolina [NAVCONBRIG Charleston] with regard to those convicted of child sexual crimes communicating with minors. He also filed a motion to attach Prisoner Requests he submitted while confined at NAVCONBRIG Charleston to have contact with his son. Because we would also be required to deny any such motion to attach documents related to NAVCONBRIG Charleston's policy or Appellant's requests to have contact with his son while confined there, pursuant to CAAF's holdings in *Jessie* and *Willman*, we denied both Appellant's motion for an enlargement and his motion to attach.[7]

---

[4] Appellant avers that he was transferred to Naval Consolidated Brig Charleston, South Carolina, [NAVCONBRIG Charleston] in June 2021.

[5] 79 M.J. 437, 442 (C.A.A.F. 2020).

[6] 81 M.J. 355, 359–61 (C.A.A.F. 2021).

[7] *See Jessie*, 79 M.J. at 442; *Willman*, 81 M.J. at 359–61.

Finally, in his Reply to the Government's Answer, Appellant highlights that the post-trial matters letter submitted on his behalf by trial defense counsel to the convening authority requested that he be permitted to serve his confinement at NAVCONBRIG Charleston. In the letter, Trial Defense Counsel asserted that granting this request would allow Appellant to be located closer geographically to his son, who lived on the East Coast, and would therefore, "increase his ability to see [his son] in person, maintain that connection, and be an active parent in [his son's] life."[8] Thus, Appellant argues that the issue of his desire to communicate with his son is raised by materials in the record, but not resolved by the record. However, the narrower issue that we are asked to resolve in this appeal is whether the NAVCONBRIG Miramar's policy unlawfully increased Appellant's sentence by infringing on his rights as a parent. Because the record is silent with regard to the policies of both NAVCONBRIG Miramar and NAVCONBRIG Charleston vis-à-vis prisoners convicted of child sex crimes communicating with minors, and because nothing in the record fairly raises the issue of those policies, we find that under our superior court's precedents, we have no authority to consider materials offered by Appellant to this Court concerning those policies on appeal.[9]

## II. DISCUSSION

We review sentence appropriateness de novo.[10] We must determine the appropriateness of a court-martial sentence in light of the underlying facts adduced at trial, to include all extenuating and mitigating circumstances.[11] We may not affirm any portion of a sentence that we find excessive.[12] Generally, sentence appropriateness should be judged by "individualized consideration" of the particular accused on the basis of the "nature and seriousness of the offense and the character of the offender."[13]

Recently in *United States v. Guinn*, CAAF held that, because a service court of criminal appeals [CCA] has a duty to review the legality of a sentence, and

---

[8] Appellant's Post-Trial Matters Ltr at 2 (Sept. 4, 2020).

[9] *See Jessie*, 79 M.J. at 442; *Willman*, 81 M.J. at 359–61.

[10] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

[11] *United States v. Guinn*, 81 M.J. 195, 199 (C.A.A.F. 2021).

[12] *Jessie*, 79 M.J. at 440.

[13] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (internal quotation and citation omitted).

because CAAF has held that a prison policy may affect an appellant's sentence, a CCA cannot ignore an appellant's claims that a prison policy rendered a court-martial sentence incorrect in law.[14] However, an appellant who wishes a CCA to review prison conditions must establish the following:

> (1) a record demonstrating exhaustion of administrative reme- dies (i.e., exhaustion of the prisoner grievance system and a pe- tition for relief under Article 138, UCMJ, 10 U.S.C. § 938 (2012), except in unusual or egregious circumstances that would justify the failure to exhaust); (2) a clear record demonstrating the ju- risdictional basis for the CCA's action; and (3) a clear record demonstrating the legal deficiency in the administration of the prison.[15]

Recently, in *Willman*, CAAF also rearticulated the limits it specified in *Jessie* regarding what a CCA can consider when reviewing a sentence under Arti- cle 66(c), UCMJ. Specifically, a CCA may consider any materials contained in the "entire record," and may also supplement the record to decide any issues that are raised, but not fully resolved in the record.[16] However, the *Willman* Court reiterated CAAF's holding in *Jessie* that "the practice of considering ma- terial outside the record should not be expanded beyond the context of Article 55, UCMJ, and the Eight Amendment,"[17] which both address the issue of cruel and unusual punishment. Applying this rule to the appellant in *Willman*, CAAF held that because he did not raise his complaints about his confinement conditions until his appeal to the CCA, the appellant's declaration was outside the record, and, thus, the CCA had no authority to review it for the purpose of assessing the appellant's sentence.[18]

So too here. We acknowledge our duty to review Appellant's claim, which arises under the Due Process Clause of the Fifth Amendment. This claim as- serts that NAVCONBRIG Miramar's policy, which prohibited Appellant's con- tact with his non-victim, minor son, unlawfully increased his sentence by in- fringing on his rights as a parent.[19] However, CAAF's holdings in *Jessie*, as

---

[14] *Guinn*, 81 M.J. at 202.

[15] *Id.* at 203 (cleaned up).

[16] *Willman*, 81 M.J. at 358.

[17] *Id.* at 358–59 (quoting *Jessie*, 79 M.J. at 445).

[18] *Id.* at 359.

[19] *See Guinn*, 81 M.J. at 202.

clarified in *Willman*, require us to treat Appellant's declaration and its enclosures as outside the record. Therefore, without any supporting evidence that we can consider, Appellant's claim fails. Moreover, assuming arguendo we could consider Appellant's declaration and its enclosures, his claim would still fail because he did not exhaust all administrative remedies before petitioning this Court for relief.[20] Specifically, Appellant avers that he drafted, but ultimately did not submit, an Article 138, UCMJ, complaint against the commanding officer regarding the policy at issue. Although Appellant offers a number of circumstances he experienced at NAVCONBRIG Miramar to explain why he did not submit such a complaint, we do not find any or all of those circumstances taken together sufficiently "unusual or egregious" to "justify the failure to exhaust" his administrative remedies.[21]

Ultimately, we determine Appellant's sentence to be appropriate.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[22]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[20] *See id.* at 203.

[21] *Id.*

[22] Articles 59 & 66, UCMJ.